CASE 8—ACTION BY A. B. ASHER, &C. AGAINST G. A. BREWER, FOR THE
COLLECTION OF A NOTE, IN WHICH APPELLANT REUBEN MAGGARD
INTERVENED.—NOVEMBER 16.

# Maggard v. Asher, &c.

APPEAL FROM LESLIE CIRCUIT COURT—H. C. FAULKNER, CIRCUIT
JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT, MAGGARD APPEALS. RE-
VERSED.

GARNISHMENT—DEBTS—PAYMENT AFTER GARNISHMENT—CONVEYANCE
OF LAND—SUBSEQUENT ATTACHMENT—PRIORITIES.

1. After the service of a garnishment, the garnishee could not pay off his indebtedness as against the plaintiff by the conveyance of land to his creditor.

2. Where, after the service of a garnishment, the garnishee paid

defendant in garnishment by a conveyance of land to him the plaintiff therein was entitled to have his debt first paid from such land, as against subsequent attaching creditors of the land as the property of the debtor.

J. M. BICKNELL, ATTORNEY FOR APPELLANT MAGGARD.

The facts from which appellant's lien arises is set out in his intervening petition, and not denied. It is admitted by the pleadings, that before the institution of the plaintiff's suit, the appellant had obtained a judgment against Brewer·in an action, in which he had obtained a general order of attachment against the property of Brewer in this county.      It is admitted and proved that Mr. Sizemore was summoned as a garnishee under said order of attachment and at the time owed Brewer as much as $400, and that the land·attached in this action was sold by Sizemore to Brewer in satisfaction of the debt so garnisheed by Maggard, said sale and conveyance being after the service of said garnishment and before the institution of this suit.

Under this state of facts, we submit that Maggard has priority of lien over the plaintiff, Asher.

LEWIS & CALVERT, ATTORNEYS FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. By placing their attachment in the hands of the proper officer, the appellees obtained a lien upon this land which was firmly established by the subsequent levy, and no other attachment or execution having been previously levied. on the land, the lien of the appellees was superior.   Civil Code, sec. 212.

2. The service of a garnishment will not create a lien as on one's homestead.

3. Equity protects and assists the vigilant.   Fatteror, Equity, sec. 7.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING

On the 6th day of February, 1904, the appellees, A. B. Asher and J. T.   Sizemore, brought this action against G. A. Brewer for the collection of a note due by him to them for $415, and simultaneously with the institution of the suit sued out a general attachment against the property of the defendant, which was levied by the sheriff upon· a tract of

150 acres of land lying on the Schoolhouse Branch of Cut Shin creek of the Middle Fork of the Kentucky river, to which the defendant held title by deed from one William Sizemore, by posting a copy of the attachment on the dwelling house on the land. The defendant was proceeded against as a nonresident by warning order. On the 7th day of March thereafter the appellant, Reuben Maggard, intervened in this proceeding by petition, in which he alleged that on the 18th day of August, 1902—long prior to the institution of appellee's suit,—he had filed an action against Brewer on a note due to him by Brewer for $500, and that he had at the same time sued out a general attachment against the property of the defendant Brewer, and had also in the same proceeding garnisheed in the hands of Wm. Sizemore any indebtedness due and owing by him to the defendant Brewer; that he had realized a part of his debt by the sale of certain personal property belonging to Brewer, but that Wm. Sizemore failed to answer, and at the June term, 1903, a rule was awarded against him requiring him to answer the garnishment and disclose the amount of his indebtedness; that at the date of the garnishment Wm. Sizemore owed Brewer $400; that subsequently to the service of the garnishment upon him he conveyed to Brewer the tract of 150 acres of land upon which the attachment of Asher and Sizemore was levied in consideration of his indebtedness to Brewer; that this conveyance was collusive and fraudulent, and was made for the purpose of defeating the garnishment in the hands of Sizemore; and further alleged that he was entitled to have the land itself, into which Sizemore's indebtedness to Brewer had been merged, first subjected to the payment of the balance of his demand. The answer of Asher and Sizemore to appellant's intervening petition was, in substance, a traverse. The deposition of

William Sizemore was taken, and he testified· that at the date of the service of the garnishment upon him he owed Brewer $400, and that subsequently thereto he had conveyed the land attached by appellee to Brewer for the sole consideration of this indebtedness. After the service of appellant's garnishment upon Wm. Sizemore, he could not legally pay off his indebtedness. to Brewer until appellant's claim had been satisfied, and his conveyance of the land to Brewer in extinguishment of such indebtedness, and the subsequent levy by appellees of their attachment thereon, created no lien in their favor superior to the rights of appellant under his garnishment. Appellant, having the older equity, is entitled to have his debt first paid out of the land.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.